## WILLIAM R. BUSH CONSTRUCTION COMPANY Respondent, v. BAMBRICK-BATES CONSTRUCTION COMPANY et al., Appellants.

St. Louis Court of Appeals, July 16, 1913.

1. **CONTRACTS: Furnishing Material: Action for Breach: Pleading: Sufficiency of Petition.** A petition, in an action for breach of a contract requiring defendant to furnish macadam to plaintiff, up to a certain amount per month, at a stipulated price, for city and public work which plaintiff might contract to do, which alleged generally that plaintiff had contracts for city or public work, for the fulfilling of which the macadam was required and demanded, and that defendant refused to supply plaintiff with macadam for such work, on plaintiff's demand therefor, sufficiently alleged, as against a demurrer, that the macadam demanded was required for the purposes mentioned and contemplated in the contract.

2. **CORPORATIONS: Contracts: Ultra Vires.** A corporation, engaged in construction business requiring the use of macadam,

contracted to lease, for a term of five years, certain real property, from which macadam was to be quarried. Another corporation engaged in the construction business, by a contract in writing, agreed with the first corporation that, in consideration of its surrender of the lease and giving assistance to the second company in obtaining a lease for the same purpose, the latter company would sell it macadam for certain purposes at a certain price. *Held*, that neither the lease entered into by the first company, the surrender of that lease, nor the contract made with the second company, was *ultra vires*.

3. ———: Ultra Vires: Estoppel to Plead. A defendant who has received the consideration of, and has appropriated all the benefits flowing from, a contract, is estopped to deny plaintiff's corporate power to enter into it.

4. CONTRACTS: Action for Breach: Pleading: Conclusions. An allegation in an answer, that the contract sued on was without consideration to support it and was unilateral and void, stated a mere conclusion of law and not a fact, and was therefore properly expunged.

5. PLEADING: Inconsistent Defenses: Compelling Election. In an action for breach of contract, a plea of accord and satisfaction, based upon defendant's alleged cancellation of an indebtedness owing it by plaintiff, and a counterclaim for such indebtedness, were inconsistent, and hence it was proper to compel an election between them.

6. ———: ———: ———: Appellate Practice: Harmless Error. In an action against a corporation and its successor, both pleaded a balance of account as a counterclaim, and the successor corporation also pleaded plaintiff's retention of such balance as an accord and satisfaction. *Held*, that it was proper to compel the successor corporation to elect between the counterclaim and the defense, for the reason they were inconsistent. *Held, further*, however, that in no event could the successor have been prejudiced by being compelled to elect between such defenses, inasmuch as the pleadings, as finally settled, left the original corporation pleading the counterclaim and the successor pleading the accord and satisfaction.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

176 Mo. App. 39

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for appellants.

(1) The demurrer to plaintiff's second amended petition should have been sustained. The first count of said second amended petition, upon which the cause was tried, failed to state facts sufficient to constitute a cause of action. (2) The circuit court erred in striking out the second and third defenses set up by defendant, Bambrick Bros. Construction Company, in its answer to said amended petition. Dairy Co. v. Mooney, 41 Mo. App. 665. (3) The court erred in sustaining plaintiff's motion to require defendant to elect upon which defense it would stand. (4) The contract of April 14, 1905, is a unilateral agreement and so vague, indefinite and uncertain that it is not capable of enforcement. Underwood Co. v. Realty Co., 220 Mo. 522.

*Eliot, Chaplin, Blayney & Bedal* for respondent.

(1) The petition states a cause of action. The allegations regarding the contract, its breach and the damages, are made with sufficient particularity. Even if not so alleged, this defect was cured by the judgment and also by defendants answering over, after demurrer overruled. Secs. 2119, 1804, R. S. 1909; Rodgers v. Ins. Co., 186 Mo. 248. (2) The second and third defenses originally pleaded in the amended answer of the Bambrick Bros. Construction Company were properly stricken out on plaintiff's motion. (a) The answer on its face showed that the contract of April 14, 1905, was not *ultra vires* the plaintiff. Sec. 2990, subsec. 4, R. S. 1909; Callaway County v. Clark, 32 Mo. 305. (b) Even if the contract was *ultra vires,* the Bros. Company has received the consideration for the contract from the plaintiff and cannot now set up the defense of *ultra vires* to defeat the contract. Summet v. Realty Co., 208 Mo. 512; Cass County v. Ins. Co.,

188 Mo. 13; Benevolent Society v. Murray, 145 Mo. 629; Bank v. Guardian Tr. Co., 187 Mo. 492. (c) The defense of *ultra vires* can be raised only by the State. Ins. Co. v. Smith, 117 Mo. 261. (d) The third defense stated a mere conclusion of law. (e) The defendant, Bros. Company, has waived the ruling of the court on plaintiff's motion to strike out by going to trial on the remaining portions of the answer. Walker v. Evans, 98 Mo. App. 301; Fuggle v. Hobbs, 42 Mo. 537; Gale v. Foss, 47 Mo. 276; Ely v. Porter, 58 Mo. 158; Berthold v. O'Hara, 121 Mo. 88; Waldron v. Merseal, 162 Mo. App. 380. (3) The court properly compelled. defendant, Bambrick Bros. Company, to elect between the separate defenses remaining after the motion to strike out was sustained. The same facts may not be pleaded both as an accord and satisfaction and also as a counterclaim. Sec. 1808, R. S. 1909; Nelson v. Broadhack, 44 Mo. 596; Grier Co. v. Dockstader, 47 Mo. App. 42; 31 Cyc. 655. (a) The Bros. Company, by going to trial, has waived the court's ruling on this point. Lumber Co. v. Chick Inv. Co., 153 S. W. 1078. (b) Defendant Bros. Company has not been injured, because all the facts were presented by the counterclaim of the Bates Company. (4) The contract of April 14, 1905, is a valid contract. Underwood Co. v. Realty Co., 220 Mo. 522; Rozier v. Railroad, 147 Mo. App. 290; 9 Cyc. 334; Printing Co. v. Graphite Co., 150 Mo. App. 383; Williams v. Tiedemann, 6 Mo. App. 274; Mason v. Payne, 47 Mo. 517; Brick Co. v. Bailey, 90 Pac. (Kan.) 803, 12 L. R. A. (N. S.) 745; Brewster v. Zinc Co., 140 Fed. 807; Const. Co. v. Iron Wks., 169 Mo. 137; Chapman v. Railroad, 146 Mo. 481; Const. Co. v. Tie Co., 185 Mo. 25.

ALLEN, J.—This is an action for breach of contract, and was instituted against both the Bambrick-Bates Construction Company and the Bambrick Brothers Construction Company. The plaintiff subsequently,

dismissed as to the defendant Bambrick-Bates Con-
struction Company, but in the meantime that defend-
ant had filed a counterclaim, which remained in the
case. Plaintiff's second amended petition, in which
the Bambrick Brothers Construction Company was the
only party named as defendant, originally consisted of
two counts, but prior to the trial plaintiff dismissed as
to the second count. Defendant, Bambrick Brothers
Construction Company, filed a demurrer to this peti-
tion, which was overruled. That defendant then an-
swered, and plaintiff filed a motion to strike out por-
tions of its amended answer, which motion was sus-
tained in part. A motion of plaintiff to compel said
defendant to elect on which of the remaining portions
of its answer it would go to trial was also sustained.

After the issues were made up, the cause was re-
ferred by consent to Honorable R. E. Rombauer, to try
all the issues. The referee duly made report of his find-
ings to the court, recommending judgment for plaintiff
in the sum of $2980 and that this amount be decreed a
lien on certain real estate described in plaintiff's peti-
tion, and recommending judgment in favor of plaintiff
on the counterclaim of the defendant, Bambrick-Bates
Construction Company. The trial court approved the
report of the referee, and entered judgment in favor
of plaintiff for the sum of $3055.22, being the amount
of the judgment recommended by the referee, together
with accrued interest thereon from the date of the fil-
ing of the referee's report, and this sum was decreed
a lien on the real estate described in the petition; and
judgment was entered for plaintiff on the counterclaim
of defendant, Bambrick-Bates Construction Company.
From this judgment defendants have prosecuted an ap-
peal to this court.

It appears that the plaintiff, a Missouri corpora-
tion, was a construction company engaged in doing city
and other public work, and that, as such, it was a large
and constant user of macadam; that prior to April 3,

1905, the St. Louis & San Francisco Railroad Company was the owner of a tract of land at Rutger and Tiffany streets in the city of St. Louis, said to be valuable for quarrying purposes; that, on said last mentioned date, the plaintiff entered into an agreement with said railroad company to lease said property for a period of five years, for which the necessary papers were executed; that the defendant, Bambrick-Bates Construction Company, was also desirous of leasing said property for quarrying purposes, and on or about April 14, 1905, a written contract pertaining thereto was entered into between the plaintiff and the Bambrick-Bates Construction Company, whereby it was agreed that in consideration of the release by plaintiff of the railroad company from said agreement of April 3, 1905, and in consideration that plaintiff would render the Bambrick-Bates Construction Company assistance in obtaining a lease to said property for its purposes, the latter company would make plaintiff a special price on macadam, at any quarry owned or operated by it in the city of St. Louis, of $2.25 per square of one hundred cubic feet, this price to apply on any city or public work for which plaintiff might secure a contract, and to cover a period of five years from April 8, 1905; it being agreed that plaintiff would at no time require a supply of macadam in excess of a total from all quarries of fifty squares per day. This is the contract here sued upon.

It appears that the plaintiff did release the railroad company from its said lease, and did assist the defendant Bambrick-Bates Construction Company in obtaining a lease, and that the latter acquired such lease upon said property for quarrying purposes. It further appears that the Bambrick-Bates Construction Company owned and operated three other quarries in the city of St. Louis, and that the said price of $2.25 per square was below the market price of macadam; and that the inducement to plaintiff for en-

tering into said arrangement, surrendering its lease, etc., was that plaintiff might be able to rely upon a reduced price of macadam in obtaining contracts for public work, and also to obtain its macadam from quarries conveniently situated as to such work. It also appears that, for a time after the execution of the contract in question, plaintiff did obtain macadam for public work at the different quarries owned by defendant, Bambrick-Bates Construction Company, at the stipulated price.

It appears that the Bambrick-Bates Construction Company, at the time of the execution of said contract between it and the plaintiff, was a going concern and possessed of considerable property; that on or about September 5, 1905, defendant Bambrick Brothers Construction Company was incorporated, with like powers and for like purposes as the Bambrick-Bates Construction Company, and did at once absorb and take over all of the assets and property of every nature of the latter company, and proceeded to and did carry on the business of said latter company as its successor; whereby it assumed all of the obligations and liabilities of the Bambrick-Bates Construction Company, including the liabilities, if any, to plaintiff on the aforesaid contract. Such is conceded by learned counsel for appellant in an agreement made before the referee when the cause there proceeded to a hearing.

The petition sets up the salient facts above mentioned, and charges that the Bambrick-Bates Construction Company breached the said contract by refusing to supply plaintiff with macadam for city or other public work at the agreed price and to the agreed amount, upon plaintiff's demand therefor; that said company discriminated against teams sent by plaintiff to haul macadam from said quarries, giving a preference to teams of other contractors, whereby the macadam on hand was often exhausted before plaintiff's wagons could be loaded, and that said defendant refused to

supply plaintiff at the bins of said quarry, and compelled plaintiff to have macadam shoveled from piles at great additional expense. It is also alleged that, on or about October 3, 1905, said company, or its said successor, refused to allow plaintiff to obtain macadam for city or other public work from any of said quarries, but would permit plaintiff only to haul macadam from places designated by said company, or its successor, at an inconvenient distance from the work that plaintiff was engaged in, entailing an expense upon plaintiff.

It is further alleged that thereafter Bambrick-Bates Construction Company, or its said successor, altogether refused to furnish plaintiff macadam for city or public work, and that plaintiff was compelled to obtain the same elsewhere at a higher price.

Certain real property owned by the Bambrick-Bates Construction Company was described in plaintiff's petition, which it is alleged was taken over by the defendant, Bambrick Brothers Construction Company. Plaintiff prays the court to ascertain the amount of its damages by reason of the breach of contract aforesaid, for an injunction restraining Bambrick Brothers Construction Company from transferring or disposing of the assets received by it from the Bambrick-Bates Construction Company, and that the amount to which plaintiff may be found entitled to recover be declared a lien upon the said real estate described in the petition.

We need not notice the answer of the defendant Bambrick-Bates Construction Company, as to whom the action was dismissed. Its counterclaim, however, remained in the case and was for $514.56. This was upon an account dated December 22, 1905, for macadam claimed to have been furnished plaintiff from August 26, 1905, to November 30, 1905, inclusive, amounting to $679.99, less a credit of thirty-eight dollars for "old stone," and less $127.43 paid by plaintiff. It appears

that, on December 29, 1905, plaintiff sent a check to said defendant for $127.43, stated to be in full payment of its account 'to November 30, 1905, having taken credit for the amounts paid out by it to others, in excess of the contract price, for macadam which it claimed was not furnished under the contract and which it was compelled to purchase elsewhere at a higher price. This defendant, however, set up the amount unpaid on the account as a counterclaim.

The defendant Bambrick Brothers Construction Company demurred to plaintiff's second amended petition. This demurrer was overruled and the defendant answered. This answer denied the allegations of the second amended petition, and averred that on December 22, 1905, plaintiff was indebted to this defendant in the sum of $679.99, and that plaintiff retained out of this indebtedness $514.56 in full payment and satisfaction of all claims and demands against the Bambrick-Bates Construction Company. This answer then set up the very same counterclaim as set up by the Bambrick-Bates Construction Company.

This answer also sets up that the transaction with respect to the lease upon the quarry property was, as to plaintiff, *ultra vires;* that plaintiff had no power or authority to engage in the real estate business or render assistance to the Bambrick-Bates Construction Company in obtaining a lease from the railroad. It was also alleged that the contract between plaintiff and the Bambrick-Bates Construction Company "was and is without a consideration to support the same and that said contract is unilateral and void." The portions of the answer setting up the two last named defenses were by the court stricken out on motion of plaintiff.

After the motion to strike out was sustained, plaintiff filed a motion to compel the defendant Bambrick Brothers Construction Company to elect on which of the remaining portions of its answer it would stand;

which motion was sustained and said defendant elected to stand on that portion of its answer not containing the counterclaim.

Thus the cause proceeded to trial upon the first count of the second amended petition, the counterclaim of the defendant Bambrick-Bates Construction Company, and so much of the answer of the defendant Bambrick Brothers Construction Company as remained after the sustaining of the motions to strike out and to elect directed thereto.

Learned counsel for appellant insist that the demurrer to plaintiff's second amended petition should have been sustained, and urge this point now before us upon the theory, as we gather from the argument of learned counsel, that the petition wholly fails to state a cause of action. As the argument proceeds, the contract sued upon required the Bambrick-Bates Construction Company to furnish macadam, up to a certain amount per month, at a stipulated price, only for city or public work contracted to be done by plaintiff; and that therefore it was necessary for plaintiff to specifically set forth in its petition the various contracts into which it had entered for city or public work requiring the use of such material. The plaintiff did set forth in its petition that it had contracts for such city or public work, for the fulfilling of which the macadam was required and demanded. By such general allegation the plaintiff sufficiently averred that the macadam in question was required and demanded for the purposes mentioned and contemplated in the contract. Manifestly, the petition did not fail in this respect to state a cause of action. At most, the petition could be said only to be vulnerable to attack on motion to make more definite and certain—a matter with which we are not concerned and as to which we express no opinion. And the petition appears to be free from criticism in other respects. It is altogether clear that this assignment of error is without merit.

It is also urged that the trial court erred in sustaining plaintiff's motion to strike out the part of the answer of the defendant Bambrick Brothers Construction Company above mentioned. It is clear, however, that these portions of the answer were properly stricken out. The first was the defense of *ultra vires*. From what appears in the record it seems that the transaction with respect to the leasing of the quarry property at Rutger and Tiffany streets, the surrender of that lease, etc., and the contract made with the Bambrick-Bates Construction Company, were not matters beyond the powers of the corporation. But even though the same could be held to be *ultra vires*, it is elementary that the defendant Bambrick Brothers Construction Company, having received the consideration and having appropriated to itself all of the benefits flowing from this contract, is now estopped to set up the want of power or authority on the part of the plaintiff to enter into it.

The other portion of the answer which was stricken out, was a mere conclusion of law, not a statement of any fact whatsoever, and had no place in the answer.

It is next urged that the trial court erred in sustaining the motion to elect, directed to the answer of this defendant, the Bambrick Brothers Construction Company. We perceive, however, that not only did the Bambrick-Bates Construction Company plead a counterclaim in the sum of $514.56, but that the Bambrick Brothers Construction Company pleaded the very identical items contained in this counterclaim as and for a counterclaim of its own, and further set up that this same $514.56 was paid to plaintiff in full payment and satisfaction of all claims and demands of plaintiff against the Bambrick-Bates Construction Company. The Bambrick Brothers Construction Company attempted to assume inconsistent positions, for this $514.56 could not have been paid plaintiff by way of accord and satisfaction, and also be due and owing from

plaintiff. Furthermore, as the pleadings were finally settled, it seem that Bambrick-Bates Construction Company set up this amount as a counterclaim, and the answer of the Bambrick Brothers Construction Company, the successor of the other defendant, set it up by way of accord and satisfaction; so that no prejudicial error could have intervened by the sustaining of the motion to elect.

The above are the errors alleged by appellant to have been committed by the court prior to the case being sent to the referee, and they are, beyond question, without merit. It is unnecessary for us to set out in detail the findings of the referee. A careful review of the evidence discloses, not only that the referee's findings of fact were supported by substantial evidence, but that they are manifestly correct and that his conclusions thereupon are altogether proper. The record discloses a valid subsisting contract between the parties, and that the same was breached by the Bambrick-Bates Construction Company and its successor, the Bambrick Brothers Construction Company. The amount of damages flowing from such breach as found by the referee, and the latter's finding upon the counterclaim, are well supported by the evidence. Other questions raised need not be noticed. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.